United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Skyler Wayne Sexton, Individually and as Personal Representative for the Estate of Kimberly Sexton, deceased, Plaintiffs,<br><br>v.<br><br>Carnival Corporation, and others, Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 20-20990-Civ-Scola<br>)<br>)<br>)<br>) |

### Order Granting Motion to Amend Complaint

This matter is before the Court on the Plaintiffs' motion for leave to amend the complaint. (Pls.' Mot., ECF No. 18.) This lawsuit arises from the allegedly negligent care provided to the Decedent, Kimberly Sexton, while she was a passenger aboard a cruise ship operated by Defendant Carnival Corporation. (ECF No. 10 at ¶¶ 14-16.) The Plaintiff previously filed a first amended complaint in response to the Defendants' motion to dismiss. (First Am. Compl., ECF No. 10; Defs.' Mot. to Dismiss, ECF No. 7.) However, the Plaintiffs now seek leave to amend the complaint for a second time on the basis that preliminary discovery has uncovered "important evidence" that would support the addition of a claim for "Tortious Interference with a Dead Body" and a claim for the "Tort of Outrage." (ECF No. 18 at 2.) The Defendants responded in opposition to the motion and the Plaintiffs filed a reply. (Defs.' Resp., ECF No. 19; Pls.' Reply, ECF No. 20.) Having review the record, the parties' briefs, and the relevant legal authorities, the Court **grants** the motion (**ECF No. 18**).

In accordance with Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend its complaint may do so only with the opposing party's written consent or the court's leave. According to the rule, leave should be freely given when justice so requires. Rule 15(a) reflects a policy of "liberally permitting amendments" and absent a "substantial reason to deny leave to amend" a plaintiff's request should be granted. *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984). "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ. ex rel. Univ. of S. Florida,* 342 F.3d 1281, 1287 (11th Cir. 2003) (quotations omitted). "[L]eave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face." *Montes v.*

*M & M Mgmt. Co.*, No. 15-80142-CIV, 2015 WL 11254703, at *1 (S.D. Fla. May 12, 2015) (Marra, J.) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980)). In order to deny leave to amend, the Court must identify a "justifying reason." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

After the Defendants moved to dismiss the original complaint on the grounds that the Death on the High Seas Act ("DOHSA") precluded the Plaintiffs' claims for intentional infliction of emotional distress ("IIED"), the Plaintiffs filed an amended complaint that dropped the IIED claims. The Defendants now argue that the proposed second amended complaint would be futile because its two new claims – "tortious interference with a dead body" and the "tort of outrage" – are merely subcategories of IIED, which the Defendants claim is precluded by the DOHSA. However, the standard for futility requires "clear insufficiency" or "frivolity" on the face of the pleading, and that standard is not met here. (*See Montes*, 2015 WL 11254703, at *1. Moreover, the motion was timely filed by the July 20, 2020 deadline for amended pleadings. (Scheduling Order, ECF No. 14.)

Without passing judgment on any future motion to dismiss, the Court finds that the Plaintiffs' counterarguments in favor of leave to amend show that amendment is not futile at this stage. Specifically, the Plaintiffs acknowledge the restrictions of the DOHSA, yet they argue that it is not be applicable to the nuances of their proposed amendments. (*See* ECF No. 20 at 2 ("These new claims are based on events surrounding the death of their mother, not the acts causing the death itself.").) Again, at this stage, the Court cannot find that the allegations and issues raised by the Plaintiffs are futile as a matter of law. Rather, a motion to dismiss, with its attendant briefing, would be the best way to fully resolve the issues presented by the motion. Among these issues are the scope of DOHSA and whether the litigation privilege immunizes the Defendants from liability arising from photographs that were uncovered during litigation discovery when, it seems, they were produced to counsel for the Plaintiffs.

Accordingly, the Court finds no "substantial reason" at this early stage of the litigation why the Plaintiffs should be denied leave to amend. The Court emphasizes that its decision to grant leave to amend has been made in accordance with the applicable futility standard only. The Court therefore **grants** the Plaintiffs' motion for leave to amend (**ECF No. 18**) and orders the Plaintiffs to file their second amended complaint by **August 31, 2020**.

**Done and ordered** at Miami, Florida, on August 27, 2020.

_____
Robert N. Scola, Jr.
United States District Judge