United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Skyler Wayne Sexton, Individually and as Personal Representative for the Estate of Kimberly Sexton, deceased, Plaintiffs,<br><br>v.<br><br>Carnival Corporation, and others, Defendants. | Civil Action No. 20-20990-Civ-Scola |

**<u>Order Denying the Plaintiff's Motion for Leave to Amend
and Order to Show Cause</u>**

This matter is before the Court upon Plaintiff Skyler Wayne Sexton's motions for leave to amend the second amended complaint to include a claim for punitive damages. (ECF No. 50, 53.) The motions are duplicative of each other and are considered here as one motion. The Defendant Carnival Corporation ("Carnival") opposes the relief sought. (ECF No. 55.) Instead of filing a reply, the Plaintiff filed a notice of withdrawal of the motion (ECF No. 56.) Upon careful consideration, the Plaintiff's motions are **denied as withdrawn**. **(ECF Nos. 50, 53.)** Lipcon, Margulies, Alsina, & Winkleman, P.A., counsel for the Plaintiff, is ordered to **show cause** why the Court should not require counsel to pay the reasonable attorney's fees incurred by Carnival in responding to the motion.

1. **Background**

The Plaintiff brought this action against Carnival and other individuals, seeking to recover damages suffered in connection with the death of Kimberly Sexton ("Sexton") while she was aboard the *Carnival Sunshine* cruise ship in March 2019. (Second Am. Compl. ("complaint"), ECF No. 24 at ¶14.) The complaint alleges seven counts against Carnival, including one for tortious interference with Sexton's dead body. (*Id.* at ¶85.) The Plaintiff claims that Carnival was only permitted to "possess said remains consistent with and for only so long as was necessary to transfer [Sexton]" off the vessel. (*Id.* at ¶87.) Carnival's failure to keep Sexton's body peacefully at rest "without interruption and harassment" and instead "[i]nexplicably removing her clothing and turning her body to all sides in order to photograph her fully nude body" serves as the basis for the tortious interference with a dead body claim. Carnival moved to dismiss this claim (ECF No. 26), which the Court denied (ECF No. 35).

Since then, the parties have continued engaging in discovery and on

February 1, 2021, Carnival moved for summary judgment on all counts against it. (ECF No. 46). The Plaintiff filed a response to the motion (ECF No. 49), that he later struck (ECF No. 52), instead filing the subject motion for leave to file a third amended complaint to include a claim of punitive damages in relation to the tortious interference claim. (ECF No. 5.) The Plaintiff claims that on February 3, 2021, during the deposition of Carnival's corporate representative, that Carnival has a policy allowing for the taking of nude photographs of persons deceased on a ship. The policy was not communicated to Sexton's next of kin depriving them of the opportunity to object, and worse, shows that Carnival had a policy allowing the disturbance of dead bodies. The Defendant opposes the relief sought arguing that the motion is untimely because the time to amend has long passed, the Plaintiff has not advanced good cause for the untimely amendment, and Carnival will be prejudiced as it has already briefed its motion for summary judgment. (ECF No. 55.) The day the Plaintiff's reply was due, the Plaintiff filed a notice of withdrawing the motion "based on their own analysis and upon reconsideration of the Motion." (ECF No. 56.) Notably, the Plaintiff has yet to refile his response to Carnival's motion for summary judgment, nor has he sought an extension of time to do so.

2. Analysis
   a. **Motion For Leave to Amend**

The Plaintiff's motion is denied as withdrawn; however, the motion was due to be denied on its merits. The Court is guided by Federal Rule of Civil Procedure 15(a) in determining whether to allow the untimely amendment. Pursuant to Rule15(a), a party seeking to amend its complaint after it previously has amended the complaint, or after a responsive pleading has been filed, may amend the complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted. S*ee* Fed.R.Civ.P. 16(b); *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366 (11th Cir. 2007). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys. Inc.,* 133 F.3d 1417, 1418 (11th Cir.1998) (citations omitted). Only after finding good cause exists to modify the schedule will the court proceed to determine whether amendment to the pleadings is proper. Otherwise, the more liberal standard of Rule 15(a) "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.*

If good cause is found, the Court looks to Rule 15(a), which states "[l]eave shall be freely given when justice so requires." Consequently, the Court must find a justifiable reason in denying a request for leave to amend. *Sutor v. Intex Recreation Corp.*, No. 2:12-CV-600-FTM-38, 2014 WL 5439302, at *3 (M.D. Fla. Oct. 24, 2014) (Chappell, J.). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir.2001).

In this case, the Plaintiff failed to establish the requisite good cause to justify the untimely amendment. The deadline to amend the complaint was July 20, 2020, discovery closed on January 18, 2021 and dispositive motions were due on February 1, 2021. The subject motion was filed after those dates. "Although generally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, undue delay may clearly support such a denial." *Pines Properties, Inc. v. Am. Marine Bank*, 156 F. App'x 237, 240 (11th Cir. 2005). Such is the case here.

The basis for Plaintiff's amendment request is that through discovery, particularly the deposition of Carnival's corporate representative on February 3, 2021, it learned of a policy allowing Carnival staff to photograph deceased bodies, which was not communicated to the Plaintiff. The proposed amendments, however, are based upon information that was or should have been within the Plaintiff's knowledge much earlier. As Carnival notes, the Plaintiff learned of the policy prior to the deposition of the corporate representative. Indeed, on December 18, 2020, two months before the Plaintiff's request to amend, Defendant Dayan Campino testified that photographs of Sexton's body were taken pursuant to Carnival's policy. (ECF No. 47-3 at 88-89.) Moreover, the Plaintiff first raised the issue of punitive damages for its tortious interference claim in his response to the motion to dismiss filed on September 25, 2020 (ECF No. 30 at 5) ("Lastly, punitive damages are permissible with respect to Plaintiffs' Counts VII and VIII for the outrageous conduct of CARNIVAL."). Accordingly, the Plaintiff was aware of facts that could give rise to punitive damages months earlier and waiting months to file the subject motion constitutes undue delay. *Pines Properties, Inc.,* 156 F. App'x at 240 (affirming district court's denial of leave to amend complaint because the plaintiff was aware of the facts that formed the basis of the proposed amendment early in the litigation and waited until after the close of discovery and the filing of dispositive motions to seek leave to amend.); *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1367 (11th Cir. 2007)(holding the

district court did not err in denying motion to amend complaint because the plaintiff failed to specify good cause for the untimely motion and noted that discovery had closed and a motion for summary judgment had been pending for a month before the untimely motion); *Johnson v. R.J. Reynolds Tobacco Co.*, No. 2:12–cv–618–FtM–29UAM, 2013 WL 3892991 (M.D. Fla. July 26, 2013) (Steele, J.)(denying motion to amend to add request for punitive damages filed four months after deadline to amend pleadings because plaintiff was not diligent in seeking to amend complaint).

Moreover, allowing an amendment at this late stage in the litigation would prejudice Carnival, who has already filed a motion for summary judgment that that Plaintiff responded to (although the response was later struck). *Pines Properties, Inc.*, 156 F. App'x at 241 (recognizing that [p]rejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided.").

### b. Order to Show Cause

Pursuant to Federal Rule of Civil Procedure 11(b), a motion made to the Court must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." A court may impose sanctions for a Rule 11(b) violation. Fed. R. Civ. P. 11(c). In the Eleventh Circuit, the analysis centers on whether a reasonable attorney in the same circumstances could believe that his actions were factually and legally justified. *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003).

Here, counsel for Plaintiff withdrew the motion without any explanation apart from simply reconsidering arguments raised in the motion. This consideration should have taken place after the parties' good faith conferral as required by Local Rule 7.1(a)(3) and certainly before the filing of this motion. Accordingly, by **March 15, 2021**, the Court orders counsel Lipcon, Margulies, Alsina, & Winkleman, P.A. to show cause as to why the Court should not require counsel to pay the reasonable attorney's fees incurred by Carnival in responding to the motion.

Moreover, the unnecessary briefing of the subject motion has delayed the motion of the pending motion for summary judgment. The Plaintiff's response is due by **March 10, 2021**.

**Done and ordered** in Miami, Florida, on March 8, 2021.

Robert N. Scola, Jr.
United States District Judge