United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Skyler Wayne Sexton, Individually and as Personal Representative for the Estate of Kimberly Sexton, deceased, Plaintiffs, <br><br> v. <br><br> Carnival Corporation, and others, Defendants. | ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 20-20990-Civ-Scola |

## **Order Denying the Plaintiff's Motion in Limine**

The Plaintiff brings this wrongful death action against Carnival in his individual capacity, and on behalf of the Estate of his mother Kimberly Sexton and of Sexton's survivors Judy Burton, Sexton's mother, and Claire Hardy, an unrelated minor. (Am. Compl., ECF No. 24 at ¶ 2.) A material issue of fact in the case is whether Hardy is a dependent under Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 761. Indeed, Carnival moved for summary judgment on all of the alleged negligence claims as they relate to Hardy arguing that she is not Sexton's dependent. (ECF No. 46.) After careful consideration, the Court granted summary judgment on this issue because even if Hardy were a dependent, the Plaintiff has failed to advance any evidence for calculating her pecuniary damages. (ECF No. 70.)

While the motion for summary judgment was pending, the Plaintiff filed the subject motion in limine to prevent Carnival's damages expert, Finnie B. Cook, from amending her earlier report to include additional opinions regarding a calculation of Hardy's damages. (ECF No. 61.) The expert's original report states that "we have been instructed by counsel for the defendants that, as a result, she [Hardy] is not a legal survivor…[t]hus we have not computed any damages to Ms. H." (*Id.* at 2.) The expert reserved the right to amend the report in the event that the Court found that Hardy was a legal survivor, in other words, whether she was a dependent under DOHSA. (*Id.*) The Plaintiff requests that the Court prevent or exclude any amended opinions as untimely and prejudicial. Because the Court granted summary judgment and dismissed all the Plaintiff's claims on Hardy's behalf, the issues raised in the subject motion in limine are now moot.

For these reasons, the Plaintiff's motion in limine is **denied as moot**. **(ECF No. 61.)**

**Done and ordered** at Miami, Florida on June 14, 2021.

Robert N. Scola, Jr.
United States District Judge