United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Skyler Wayne Sexton, Individually and as Personal Representative for the Estate of Kimberly Sexton, deceased, Plaintiffs,<br><br>v.<br><br>Carnival Corporation, and others, Defendants. | Civil Action No. 20-20990-Civ-Scola |

## Order Granting the Plaintiff's Motion for Reconsideration and Amending Order on Defendant's Motion for Summary Judgment

  The Plaintiff brings this wrongful death action against Carnival in his individual capacity, and on behalf of the Estate of his mother Kimberly Sexton and of Sexton's survivors Judy Burton, Sexton's mother, and Claire Hardy, an unrelated minor. (Am. Compl., ECF No. 24 at ¶ 2.) A material issue in this action is whether Hardy is a dependent under Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 761. Carnival moved for summary judgment on all of the Plaintiff's negligence claims as they relate to Hardy (as well as those related to the other survivors). After careful consideration, the motion for summary judgment was granted in part and denied in part. The motion was denied with respect to the Plaintiff's negligence claims on his own behalf. Summary judgment was granted on the claims related to Hardy because the Plaintiff had failed to sufficiently show pecuniary damages on her behalf. The Court stated, "[a]ssuming without deciding that Hardy was dependent on Sexton under DOHSA, there exists no evidence in the record of the value of Sexton's contributions to Hardy and thus recovery is precluded." (ECF No. 70 at 6.) The Plaintiff has filed a motion for reconsideration of the Court's order on summary judgment. (ECF No. 74.)

  A motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Sanchez v. City of Pembroke Pines, Fla.*, No. 16-CV-62958, 2017 WL 5598614, at *1 (S.D. Fla. Nov. 20, 2017) (Bloom, J.) (granting motion for reconsideration because not doing so could constitute manifest injustice despite the argument not being raised in the paper for summary judgment). Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct

clear error or prevent manifest injustice. *See Hood v. Perdue*, 300 Fed.Appx. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (Scola, J.) (granting motion for reconsideration in part).

The Plaintiff seeks reconsideration of the order dismissing claims on Hardy's behalf because Carnival did not specifically argue that the Plaintiff had failed to advance evidence of Hardy's damages. (ECF No. 74.) Failure to reconsider, the Plaintiff contends, would amount to manifest injustice. Carnival agrees that it did not argue that Hardy's damages were unsupported by evidence. It argues that the Court should nonetheless grant summary judgment because Hardy is not a dependent under the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 761.

The Eleventh Circuit has recognized that "[a]lthough district courts possess the power to grant summary judgment sua sponte, they must ensure parties receive adequate notice and are afforded an opportunity to bring forward all of their evidence." *Morningstar Healthcare, LLC v. Greystone & Co.*, 294 F. App' x 542, 544 (11th Cir. 2008). But "where a legal issue has been fully developed, and the evidentiary record is complete, summary judgment is entirely appropriate even if no formal notice has been provided." *Artistic Entm't, Inc. v. City of Warner Robins,* 331 F.3d 1196, 1202 (11th Cir.2003). For example, in *Morningstar*, the appellate court held that the district court did not sua sponte grant summary judgment on an issue because it ruled on an issue that was a component of the argument raised by both parties. *Morningstar*, 294 F. App'x at 544. On the other hand, there are instances where a district court errs when it sua sponte rules on an issue not raised by the parties. In *Francis*, the Eleventh Circuit held that the district court erred in granting summary judgment on a negligence theory that was clearly not challenged in the underlying motion. *Francis v. MSC Cruises, S.A., 835* F. App'x 512, 518 (11th Cir. 2020).

Here, Carnival's motion for summary judgment generally argued that "to recover for pecuniary loss, the value must be proven and reasonably certain," and argued that "there are no pecuniary damages such that Plaintiff is not entitled to recover on his negligence claims." (ECF No. 46 at 2, 7.) Arguably, the value of Hardy's loss was at issue in the motion for summary judgment because it sought to dismiss all of the Plaintiff's claims, including those on Hardy's behalf, for failure to show pecuniary damages. However, as the Plaintiff points out, Carnival dedicated most of its argument challenging Hardy's status

as Sexton's dependent. (*Id.* at 8.) In response to the subject motion for reconsideration, Carnival concedes that it did not intend to challenge the Plaintiff's evidence for quantifying Hardy's damages. (ECF No. 75 at 2.) Instead, Carnival argues, the motion for reconsideration should be denied because Hardy is not Sexton's dependent under DOHSA.

In light of Carnival's concession and in abundance of caution to avoid manifest injustice, the Court finds that reconsideration of the Court's order is appropriate, and the motion is **granted**.

Accordingly, the Court must decide what it overlooked in its order on summary judgment: Whether Hardy is Sexton's dependent under DOHSA.[1] DOHSA expressly permits anyone falling within the category of "wife, husband, parent, child, or dependent relative to recover without regard to the existence of other beneficiaries." *In re Farrell Lines Inc.*, 1974 WL 6424619 (S.D. Ga. Nov. 20, 1974) (quoting *Lawson v. United States,* 88 F. Supp. 706 (S.D.N.Y.), modified on other grounds, 192 F.2d 479 (2 Cir.), *cert. den.* 343 U.S. 904). The term "dependent relative" in DOHSA also includes persons related to the decedent by affinity as well as consanguinity. *Id.* (citing *Petition of the United States of America as owner of the United States Coast Coast Guard Vessel CG-95321*, 418 F.2d 264 (1st Cir. 1969)). The test of dependency is the existence of "a legal or voluntarily created status where the contributions are made for the purpose and have the result of maintaining or helping to maintain the dependent in [her] customary standard of living." *Martins v. Royal Caribbean Cruises Ltd.*, 216 F. Supp. 3d 1347, 1368 (S.D. Fla. 2016) (Goodman, MJ.) (quoting *Petition*, 418 F.2d at 272). "Recoveries under general maritime law have been permitted in the instance of a stepson of the deceased, brothers and sisters, and one to whom the decedent stood *in loco parentis.*" *In re Farrell*, 1974 WL 6424619 (citing 20 A.L.R. Fed. 113-115).

In its motion for summary judgment Carnival argues Hardy is not a dependent because the minor is not Sexton's blood-relative and Sexton never formally fostered or adopted Hardy. (ECF No. 46 at 9). Carnival reiterates this argument in its response in opposition on reconsideration. "Hardy may have been dependent on Decedent for a short portion of her life is not enough to recover under the Death on the High Seas Act's plain language. Dependents

---

[1] The Plaintiff seeks leave to provide additional briefing in the event the Court decides to consider the issue of whether the Plaintiff has substantiated the value of Hardy's damages or Sexton's contributions to Hardy. However, because Carnival has clarified that it did not raise that argument on summary judgment, the Court will not consider it here nor will it require additional briefing. Notwithstanding, the parties are reminded that the issue of "dependency is an independent element which must be established in addition to pecuniary loss" and must be demonstrated at trial. *Martins v. Royal Caribbean Cruises Ltd.*, 216 F. Supp. 3d 1347, 1370 (S.D. Fla. 2016) (Goodman, MJ.)

must be relatives, not simply dependents to recover." (ECF No. 75 at 3.)

As noted in the Court's earlier order, the evidence shows that Sexton lived with Hardy, a minor, for three years before her death. (ECF No. 47 at ¶ 19; ECF No. 58 at ¶ 19.) Hardy is the daughter of Sexton's ex-boyfriend and continued living with Hardy after their separation. (ECF No. 47 at ¶ 20 No. 58 at ¶ 19.) Sexton had known Hardy since Hardy was two years old because Sexton was romantically involved (not married) with Hardy's father. (Skyler Sexton Dep., ECF No. 47-1 at 16-19; Chasiti Sexton, Dep., ECF No. 47-2 at 24-27.) After their separation, Hardy remained living with Sexton, Sexton cared for her and provided for Hardy's necessities, although Sexton did not formally foster or adopt Hardy. (Skyler Sexton Dep., ECF No. 47-1 at 16-19.) After Sexton's death, the Plaintiff and his wife adopted Hardy and she now lives with them. The Plaintiff claims that Hardy suffered the loss of parental nurture and guidance, and loss of support and services.

Viewing the evidence in the light most favorable to the Plaintiff, as the Court must when reviewing a motion for summary judgment, a factfinder could find that Hardy is Sexton's dependent for purpose of DOHSA. The evidence in the record demonstrates that Hardy is a minor who had lived with Sexton for three years before Sexton's death. Sexton cared for and financially provided for Hardy's necessities during those three years. The Plaintiff has sufficiently shown that Sexton's action created a voluntary status where her financial contributions resulted in maintain Hardy's standard of living. Moreover, contrary to Carnival's argument, blood relatives or formal stepchildren not the only persons who qualify as dependents under DOHSA. *See In re Farrell Lines Inc.*, 1974 WL 6424619 (considering whether mother in law of decedent was a dependent under DOHSA). Because Carnival clarified it did not raise any other challenges to the Plaintiff's claims on Hardy's behalf, the Court's analysis ends here.

For these reasons, the Court **grants** the Plaintiff's motion for reconsideration. **(ECF No. 74.)** The Court's earlier order on summary judgment **(ECF No. 70)** is **amended** only to the extent that it granted summary judgement on the Plaintiff's negligence claims on Hardy's behalf. The order remains unchanged in all other respects.

**Done and ordered** at Miami, Florida on July 14, 2021.

_____
Robert N. Scola, Jr.
United States District Judge